In view of the foregoing and good cause appearing, it is hereby

ORDERED that plaintiff's motion for a preliminary injunction, pendente lite, be and is hereby denied.

---

ZENITH RADIO CORPORATION, PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 80-5-00861

(Dated February 2, 1981)

MALETZ, Judge:

1. Defendant's motion to dissolve or in the alternative to modify the preliminary injunction issued by the court on December 9, 1980, is hereby denied.

2. While jurisdiction of the court to entertain this action is undisputed, a few comments on this aspect are worthy of note. As originally enacted, section 701(a) of the Customs Courts Act of 1980 (Public Law 96-417, 94 Stat. 1747) specified that the jurisdictional provisions of 28 U.S.C. 1581(i) "shall take effect on November 1, 1980." On December 17, 1980—subsequent to the court's issuance of the preliminary injunction in question—the Technical

Amendments Act was enacted to (among other things) limit the jurisdictional grant set forth in 28 U.S.C. 1581(i) "to civil actions commenced on or after the effective date of this act," i.e., November 1, 1980. Public Law 96–542.

The complaint in this action was filed on June 27, 1980, and an amended complaint was filed on November 3, 1980. Against this background, rule 15(c) of this court provides that an amended complaint relates back to the date of the original pleading. Manifestly, were this rule to be construed as requiring the amended complaint to relate back to June 27, 1980, the complaint would have to be dismissed for lack of jurisdiction since 28 U.S.C. 1581(i) does not apply to civil actions instituted in June 1980. However, as defendant agrees, such an interpretation would be at odds with rule 1(a) of this court which provides that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Given the fact that 28 U.S.C. 2636(i), as added by the Customs Courts Act of 1980, allows a 2-year limitation period for commencing a civil action over which this court has jurisdiction under 28 U.S.C. 1581(i), dismissal of the present action for lack of jurisdiction would merely have the effect of requiring plaintiff to refile its amended complaint in the form of a new complaint. Such a requirement not only would be inconsistent with the thrust of rule 1(a), it would exalt form over substance. In view of these circumstances, the present civil action is deemed filed on November 3, 1980, and therefore the court has jurisdiction pursuant to 28 U.S.C. 1581(i), as amended.